**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**VILLAGE ROADSHOW HOLDINGS USA INC. (CASE NO. 25-10508)**

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*, [1] | Case No. 25-10475 (TMH) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENTS
### OF LIMITATIONS, METHODOLOGY, AND
### DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF
### ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## INTRODUCTION

The debtors and debtors in possession (collectively, the "Debtors" or the "Company") in the above-captioned chapter 11 cases (these "Chapter 11 Cases") submit their *Schedules of Assets and Liabilities* (the "Schedules") and *Statements of Financial Affairs* (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedule of Assets and Liabilities and Statement of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "Specific Notes," and, together with the Global Notes, the "Notes"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

On March 17, 2025 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 25-10475 (TMH). The Debtors are authorized to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.

The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Court. Nothing contained in the Schedules and Statements or these Notes shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to these Chapter 11 Cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases, and claims, assumption or rejection of contracts and leases, and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

The Debtors and their agents, attorneys, and financial advisors shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors, damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1. **Basis of Presentation.** In the ordinary course of business, the Debtors prepare consolidated financial statements for financial reporting purposes on a quarterly basis. The Schedules and Statements are unaudited and are the result of the Debtors' reasonable efforts to report certain information of each Debtor on an unconsolidated basis. The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP") or any other generally accepted principles of foreign jurisdictions, as applicable, nor are they intended to reconcile to the financial statements of each Debtor.

The Schedules and Statements have been signed by Keith Maib, Chief Restructuring Officer for the Company.  In reviewing and signing the Schedules and Statements, Mr. Maib necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel who report to, or work with, Mr. Maib, either directly or indirectly.  Mr. Maib has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

2.    **Insiders.**   In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" as such term is defined in section 101(31) of the Bankruptcy Code.  Except as otherwise disclosed herein or in the Statements, payments to "insiders" are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.  The listing of a party as an "insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

3.    **Totals.**   All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

4.    **Accounts Payable and Distribution System.**   The Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses (the "Cash Management System").  A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue Intercompany Transactions; (II) Confirming Administrative Expense Priority for Postpetition Intercompany Claims; and (III) Granting Related Relief* [Docket No. 7] (the "Cash Management Motion") filed on the Petition Date.  The Debtors

utilize a centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.  In the ordinary course of business, the Debtors maintained business relationships among each other, which result in intercompany receivables and payables (the "Intercompany Claims") arising from intercompany transactions (the "Intercompany Transactions").  Additional information regarding the Intercompany Claims and Intercompany Transactions is described in the Cash Management Motion.  Unless otherwise noted, the Debtors have reported the aggregate net intercompany balances among the Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate.

5.    **Reporting Date**.  Unless otherwise noted in the specific responses, the Schedules and Statements reflect the Debtors' books and records as of the close of business on March 16, 2025, or the latest available record date before then.

6.    **Accuracy**.  The financial information disclosed herein was not prepared in accordance with international, federal or state security laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this information considering the purposes for which it was prepared.

7.    **Undetermined Amounts**.  Claim amounts that could not readily be quantified by the Debtors are scheduled as "undetermined," "unknown," or "N/A." The description of an amount as "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

8.    **Liabilities**.  The Debtors have sought to allocate liabilities between prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change.  Accordingly, the Debtors reserve all their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

9.    **Other Paid Claims**.  If the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties.

10.   **Payments on Prepetition Claims Pursuant to First Day Orders**.  The Debtors have requested authority to pay certain outstanding prepetition claims pursuant to orders entered by this court after the initial hearing in these cases (collectively, the "First Day Orders"). The Schedules and Statements reflect the Debtors' outstanding liabilities in their amounts owed as of the Petition Date without reducing liabilities on account of any payments authorized under the First Day Orders, provided, however, that if liabilities on account of prepetition wages and benefits have been satisfied, they are not listed on the Schedules and Statements.

11.    **Current Values.**  The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the carrying value on each of the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.  Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of the Petition Date.  The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates.  All values are stated in United States currency.  The Debtors made reasonable efforts to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the prepetition and postpetition periods and amend the Schedules and Statements accordingly.

12.    **Book Value.**  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records.  Therefore, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of all of the Debtors' interests.  Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail may include error corrections and value adjustments (shown as negative values or multiple line items for an individual asset).  Certain assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

13.    **Property and Equipment.**  Owned property and equipment are recorded at cost and are shown net of depreciation.  Depreciation is recorded using the straight-line method over the estimated useful lives of the assets.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

14.    **Causes of Action.**  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to causes of action they may have (including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws), whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and

Statements shall be deemed a waiver of any such causes of action, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

15.   **Litigation.**  Certain litigation actions (collectively, the "<u>Litigation Actions</u>") reflected as claims against a particular Debtor may relate to other Debtors.  The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action.  The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

16.   **Credits and Adjustments.**  In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors.  Claims of vendors and creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances, or other adjustments due from such vendors or creditors to the Debtors. The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

17.   **Executory Contracts and Unexpired Leases.**  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve all rights with respect to the assertion of any such claims.

18.   **Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges.  While the Debtors have made their best efforts to reflect the claims of each vendor, excluding these various adjustments, while including the "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these Chapter 11 Cases may differ from the amounts set forth in the Schedules and Statements.

The Debtors intentionally have not included "non-cash" accruals (i.e., accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments) in the Schedules and Statements.

19. **Addresses of Employees.** Consistent with the Bankruptcy Court's *Final Order (I) Authorizing the Redaction of Certain Personally Identifiable Information of Individuals from the Consolidated List of Creditors and Certain Other Filings and (II) Granting Related Relief* (the "Creditor Matrix Order") [Docket No. 167], the Debtors have redacted each of their current employees' addresses. To protect the privacy of the Debtors' employees, the Debtors shall provide current employee addresses to any party in interest upon request to the Debtors (e-mail is sufficient) or to the Court where reasonably related to the Chapter 11 Cases and in accordance with Creditor Matrix Order. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

20. **Estimates.** The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

21. **Currency.** All amounts shown in the Schedules and Statements are in US Dollars. Foreign currency amounts have been translated to US Dollar equivalents based on the Debtors books and records. Certain disbursements by foreign entities identified on bank statements were translated using the foreign exchange rate as of the Petition Date.

22. **Debtors' Reservation of Rights.** Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these Chapter 11 Cases, including the following:

   **a.)** Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." Likewise, listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract. The Debtors and their estates reserve the right to (i) object to, or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules on any grounds, including, without limitation, amount, liability, validity, priority, or classification, or (ii) otherwise designate subsequently any claim as "disputed," "contingent," or "unliquidated."

   **b.)** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The

Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.)　　The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections or setoffs with respect to the same.

d.)　　The Debtors' businesses are part of a complex enterprise. Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

e.)　　The Debtors further reserve all their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO SCHEDULES

### Schedule A/B

1. **Schedule A/B-3 – Checking, savings, money market, or financial brokerage accounts**. The values provided in this section reflect the book ending cash balance of each of the Debtors' bank accounts as of the Petition Date.

2. **Schedule A/B-11 – Accounts Receivable**. The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of impairments and other adjustments as of the Petition Date. The accounts receivable balances in this section exclude intercompany receivables. Please see the note on pages 3 and 4 of these Global Notes regarding intercompany claims.

3. **Schedule A/B-15 – Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**. Investments are listed as having an undetermined value. The Debtors have included their percentage ownership interests in several non-debtor entities but do not believe they can provide an accurate estimate of the current value of those interests.

4. **A/B: Part 7, Questions 39-45 – Collectibles, fixtures, equipment, etc.** The Debtors' equipment and collectibles are listed at net book value.

5. **Schedule A/B-60-65 – Intangibles and Intellectual Property**.  Schedule A/B 60-65 identifies various website domains, film rights, and other intangible assets owned and maintained by the Debtors.  The Schedules may not list the value of such intangible assets, or list as having an undetermined value, as no recent appraisals have been performed.

6. **Schedule A/B, Question 72 – Tax Refunds and NOLs**.  Schedule A/B 72 identifies tax refunds and unissued net operating losses.  The Schedules identify amounts as of December 31, 2023.

## Schedule D

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Notwithstanding anything contained in the Schedules and Statements regarding the amount, value, or extent of any purported secured claim, the terms of the *Final Order (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 280] shall govern.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

## Schedule E/F

The Debtors have exercised their commercially reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor.  As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors.  Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts.  The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff or recoupment rights that may be asserted against the Debtors by a creditor.  Additionally, certain creditors may assert liens against the Debtors for amounts listed on Schedule E/F.  The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor.

Intercompany payables among the Debtors are reported on Schedule E/F, which may or may not result in allowed or enforceable claims by or against a given Debtor.  The intercompany payables also may be subject to recoupment, netting, or other adjustments made pursuant to customary intercompany policies and practices not reflected in the Schedules.

To the extent practicable, Schedule E/F is intended to reflect the balance as of the Petition Date. Certain Debtors may pay claims listed on Schedule E/F during these Chapter 11 Cases pursuant to these and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, certain prepetition amounts may be paid in connection with the Debtors' sale process through cure costs associated with assumption or assumption and assignment of an executory contract or unexpired lease. Schedule E/F does not include any potential rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected.

As of the time of filing the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights to amend Schedules D and E/F if and as they receive such invoices.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

The Debtors have listed their known creditors in Schedule E/F. To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Debtors' Chapter 11 Cases and are not separately listed in Item 4.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these Chapter 11 Cases. Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these Chapter 11 Cases.

### Schedule G

The business of the Debtors is complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein. Relationships between the Debtors and their vendors are often governed by a master services agreement, under which vendors also place work and purchase orders, which may be considered executory contracts. The Debtors believe that disclosure of all of these purchase and work orders would be impracticable and unduly burdensome. Likewise, in some cases, the same supplier or provider may appear multiple times in Schedule G.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory

contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors and their estates hereby reserve all of their rights, claims, and causes of action to (i) dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G; (ii) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (iii) amend or supplement such Schedule as necessary.

### Schedule H

In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. For purposes of Schedule H, the Debtors have not identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, or other agreements, and have listed those debts as "N/A". Thus, the Debtors reserve their rights to amend Schedule H to the extent that guarantees are identified.

### SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO STATEMENTS

1.  **Statements, Part 1, Questions 1 and 2**. The gross revenue and non-business revenue reported for the current fiscal year are through March 16, 2025.

2.  **Statements, Part 2, Question 3**. The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from December 16, 2024, to March 16, 2025. The actual dates that cash cleared the Debtors' bank accounts may differ based on the form of payment.

3.  **Statements, Part 3, Question 7**. The Debtors have used reasonable efforts to report all legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtors were involved in any capacity within one year before the Petition Date. The Debtors reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.

4.  **Statements, Part 6, Question 11**. The Debtors have used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately before the Petition Date, which are identified in the Debtors' response to Part 6, Question 11 of the Statements. Additional information regarding the Debtors' retention of professional service firms is and will be more fully described in the individual retention applications for those firms and any related orders. Amounts listed reflect the total amounts paid to these respective firms as bifurcating the specific restructuring activities would be administratively burdensome.

5.  **Statements, Part 6, Question 13**. On November 28, 2023, Village Roadshow Films (BVI) Limited, Village Roadshow Films North America Inc., and Village Roadshow Pictures North America Inc. (collectively, the "<u>Assignors</u>") assigned their respective interests in certain Derivative Rights to VREG IP Global LLC, VREG OP Global LLC, VREG WW

-11-

IP Global LLC, VREG J2 Global LLC, and VREG MM2 IP Global LLC (collectively, the "Assignees"), as applicable (collectively, the "Assignments"). In consideration for each Assignment, the respective Assignor received from the respective Assignee an amount equal to $1 plus the assumption of the obligations relating to the relevant Derivative Rights and Co-Ownership Agreement.  For the sake of clarity, the Debtors' have not listed these transactions in Part 6, Question 13 of the Statements and instead rely on this Note.

6.  **Statements, Part 9, Question 17**.  Pursuant to Australian law, certain of the Debtors' Australian employees hold individual pension plans that are not listed in the Statements.

7.  **Statements, Part 11, Question 21**.  In the ordinary course of business, certain of the Debtors may periodically hold or control records, cash, and similar assets owned by other Debtors as part of various Intercompany Transactions such as those described in the Cash Management Motion.  The Debtors have not included detailed lists of all such assets in Part 11, Question 21 of the Statements.

8.  **Statements, Part 13, Question 26**.  The Debtors provide certain parties, such as banks, factors, auditors, potential investors, vendors, and financial advisors, with financial statements.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided full lists of these parties in Part 13, Question 26 of the Statements.

9.  **Statements, Part 13, Question 32**.  As stated in Part 9, Question 17, certain of the Debtors' Australian employees hold individual pension plans that are not listed in the Statements.

**Fill in this information to identify the case:**

Debtor Name: In re : Village Roadshow Holdings USA Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 25-10508 (TMH)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

**1. Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**

        Copy line 88 from *Schedule A/B* ....................................................................................

$         0.00

    1b. **Total personal property:**

        Copy line 91A from *Schedule A/B* .................................................................................

$       949,258.00

    1c. **Total of all property:**

        Copy line 92 from *Schedule A/B* ...................................................................................

$       949,258.00

## Part 2: Summary of Liabilities

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* .....................

$     163,075,096.60

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...........................................

$         0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ...................................

+ $         0.00

**4. Total liabilities**

    Lines 2 + 3a + 3b .....................................................................................................

$     163,075,096.60

**Fill in this information to identify the case:**

Debtor Name: In re : Village Roadshow Holdings USA Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10508 (TMH)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property        12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

   _____  $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)    Type of account    Last 4 digits of account number

   _____  _____  _____  $ _____

4. **Other cash equivalents** *(Identify all)*

   _____  $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $ _____ 0.00

Debtor:  Village Roadshow Holdings USA Inc.                        Case number *(if known)*:  25-10508

Name

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

_____  $ _____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

_____  $ _____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.                    $ _____ 0.00

| Debtor: | Village Roadshow Holdings USA Inc. | | Case number *(if known)*: | 25-10508 |
|---|---|---|---|---|
| | Name | | | |

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

| | | Description | face amount | | | doubtful or uncollectible accounts | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ | $ _____ | - $ | _____ | | =..... ➔ | $ _____ | | |
| 11b. | Over 90 days old: | _____ | $ _____ | - $ | _____ | | =..... ➔ | $ _____ | | |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor:  Village Roadshow Holdings USA Inc.                                    Case number *(if known)*:  25-10508
_____
Name

| **Part 4:** | **Investments** |
|---|---|

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.
☑ Yes. Fill in the information below.

|  | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1 | None | | $ |
|---|---|---|---|

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                                    % of ownership:

| 15.1 | Village Roadshow Distribution USA Inc. | 100% | $ | Undetermined |
|---|---|---|---|---|
| 15.2 | Village Roadshow Pictures Entertainment Inc. | 100% | $ | Undetermined |
| 15.3 | VR DTE Distribution USA Inc. | 100% | $ | Undetermined |
| 15.4 | VR Funding LLC | 100% | $ | Undetermined |
| 15.5 | VR Zoo Distribution USA Inc. | 100% | $ | Undetermined |
| 15.6 | VREG Funding LLC | 100% | $ | Undetermined |
| 15.7 | VREG Production Services Inc. | 100% | $ | Undetermined |
| 15.8 | VREG Television Inc. | 100% | $ | Undetermined |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 | None | | $ |
|---|---|---|---|

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

| $ | 0.00 |
|---|---|

| Debtor: | Village Roadshow Holdings USA Inc. | | Case number *(if known)*: | 25-10508 |
|---|---|---|---|---|
| | Name | | | |

## Part 5:  Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
    - ☑ No. Go to Part 6.
    - ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | $ | | $ |
| 20. **Work in progress** | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | $ | | $ |
| 22. **Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5.**
    Add lines 19 through 22. Copy the total to line 84.

    $ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**
    - ☐ No
    - ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No
    - ☐ Yes.  Description_____  Book value $ _____  Valuation method _____  Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    - ☐ No
    - ☐ Yes

Debtor: Village Roadshow Holdings USA Inc.
_____
Name

Case number *(if known)*: 25-10508
_____

**Part 6:**   **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
    - ☒ No. Go to Part 7.
    - ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $ | | $ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| **31. Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $ | | $ |

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 85.

    $ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
    - ☐ No
    - ☐ Yes. Is any of the debtor's property stored at the cooperative?
      - ☐ No
      - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No
    - ☐ Yes. Description_____ Book value $ _____ Valuation method _____ Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
    - ☐ No
    - ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    - ☐ No
    - ☐ Yes

Debtor: Village Roadshow Holdings USA Inc.

Case number *(if known)*: 25-10508

Name

## Part 7:    Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor:  Village Roadshow Holdings USA Inc.        Case number *(if known):*  25-10508
       Name

| Part 8: | Machinery, equipment, and vehicles |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

  ☒ No. Go to Part 9.

  ☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| | $ | | $ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| | $ | | $ |
| 49. **Aircraft and accessories** | | | |
| | $ | | $ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**

    Add lines 47 through 50. Copy the total to line 87.

                                                        $                0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

  ☐ No

  ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

  ☐ No

  ☐ Yes

Debtor: Village Roadshow Holdings USA Inc.

Name

Case number *(if known):* 25-10508

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor:  Village Roadshow Holdings USA Inc.

Name

Case number *(if known)*:  25-10508

---

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| **61. Internet domain names and websites** | $ | | $ |
| **62. Licenses, franchises, and royalties** | $ | | $ |
| **63. Customer lists, mailing lists, or other compilations** | $ | | $ |
| **64. Other intangibles, or intellectual property** | $ | | $ |
| **65. Goodwill** | $ | | $ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ 0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Village Roadshow Holdings USA Inc. _____  Case number *(if known)*: 25-10508
        Name

**Part 11:**    **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐   No. Go to Part 12.

☑   Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)     Total face amount     doubtful or uncollectible accounts

71.1 None     $ _____   - $ _____   =..... ➜   $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 California - Net Operating Losses     Tax year December 31, 2023     $     949,258.00

73. **Interests in insurance policies or annuities**

73.1 None     $ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 None     $ _____

     Nature of claim _____

     Amount requested   $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 None     $ _____

     Nature of claim _____

     Amount requested   $ _____

76. **Trusts, equitable or future interests in property**

76.1 None     $ _____

77. **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

77.1 None     $ _____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.     $     949,258.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑   No

☐   Yes

Debtor: Village Roadshow Holdings USA Inc.

Name

Case number *(if known)* 25-10508

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 949,258.00 | |
| 91. **Total.** Add lines 80 through 90 for each column...............91a. | $ 949,258.00 + 91b. | $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .................................................................... | | $ 949,258.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Village Roadshow Holdings USA Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10508 (TMH)

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

**Column A** — Amount of claim. Do not deduct the value of collateral.

**Column B** — Value of collateral that supports this claim

**2.1 Creditor's name**

Wilmington Savings Fund Society, FSB, as trustee
*Creditor's Name*

**Describe debtor's property that is subject to a lien**

Substantially all of the Debtor's assets, excluding certain excluded assets, as described more fully in the relevant security documents.

Column A: $ 163,075,096.60

Column B: $ Undetermined

**Creditor's mailing address**

Notice Name
500 Delaware Avenue
*Street*

Wilmington    DE    19801
*City    State    ZIP Code*

*Country*

**Creditor's email address, if known**

**Date debt was incurred**    Various

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

- ☑ No
- ☐ Yes. Have you already specified the relative priority?
  - ☐ No. Specify each creditor, including this creditor, and its relative priority.
  - ☐ Yes. The relative priority of creditors is specified on lines

**Describe the lien**

Senior Secured Notes

**Is the creditor an insider or related party?**
- ☑ No
- ☐ Yes

**Is anyone else liable on this claim?**
- ☐ No
- ☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$ 163,075,096.60

**Part 2:**    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |

Name

Notice Name

Street

City                    State            ZIP Code

Country

**Fill in this information to identify the case:**

Debtor Name: In re : Village Roadshow Holdings USA Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10508 (TMH)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☑ No. Go to Part 2.

   ☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

2.1 **Priority creditor's name and mailing address**

As of the petition filing date, the claim is: $ _____  $ _____
*Check all that apply.*

Creditor Name

☐ Contingent

Creditor's Notice name

☐ Unliquidated

☐ Disputed

Address

**Basis for the claim:**

City          State          ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|
| | $ |

**Nonpriority creditor's name and mailing address**

Creditor Name

Creditor's Notice name

Address

City          State          ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐  No

☐  Yes

**Part 3:**   **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐   Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City          State          ZIP Code | | |
| Country | | |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | **Total of claim amounts** |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. + | $ 0.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Village Roadshow Holdings USA Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10508 (TMH)

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew") | V Squared, LLC |
| | | | Name |
| | | | Attn Adam Paley |
| | | | Notice Name |
| | **State the term remaining** | | c/o Vine Investment Advisors, LP |
| | | | Address |
| | **List the contract number of** | | 810 Seventh Avenue, Suite 802 |
| | **any government contract** | | |
| | | | New York      NY      10019 |
| | | | City      State      ZIP Code |
| | | | Country |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew") | V Squared, LLC |
| | | | Name |
| | | | Attn Adam Paley |
| | | | Notice Name |
| | **State the term remaining** | | c/o Vine Investment Advisors, LP |
| | | | Address |
| | **List the contract number of** | | 810 Seventh Avenue, Suite 802 |
| | **any government contract** | | |
| | | | New York      NY      10019 |
| | | | City      State      ZIP Code |
| | | | Country |

Debtor: Village Roadshow Holdings USA Inc.
Name

Case number *(if known)*: 25-10508

---

**2.3** **State what the contract or lease is for and the nature of the debtor's interest**

Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew: The Mystery in Hollywood Hills")

V Squared, LLC
Name

Attn Adam Paley
Notice Name

**State the term remaining**

c/o Vine Investment Advisors, LP
Address

810 Seventh Avenue, Suite 802

**List the contract number of any government contract**

| New York | NY | 10019 |
| City | State | ZIP Code |

Country

---

**2.4** **State what the contract or lease is for and the nature of the debtor's interest**

Letter Agreement re: Second Amended and Restated Letter of Direction re: Co-Financing Agreement, Dated September 28, 2005, as Amended ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew")

V Squared, LLC
Name

Attn Adam Paley
Notice Name

**State the term remaining**

c/o Vine Investment Advisors, LP
Address

810 Seventh Avenue, Suite 802

**List the contract number of any government contract**

| New York | NY | 10019 |
| City | State | ZIP Code |

Country

---

**2.5** **State what the contract or lease is for and the nature of the debtor's interest**

Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew")

Vine Film Finance Fund II AIV, L.P.
Name

Attn Adam Paley
Notice Name

**State the term remaining**

c/o Vine Investment Advisors, LP
Address

810 Seventh Avenue, Suite 802

**List the contract number of any government contract**

| New York | NY | 10019 |
| City | State | ZIP Code |

Country

---

Debtor:  Village Roadshow Holdings USA Inc.
Name

Case number *(if known)*    25-10508

2.6 **State what the contract or lease is for and the nature of the debtor's interest**

Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew")

Vine Film Finance Fund II AIV, L.P.
Name

Attn Adam Paley
Notice Name

c/o Vine Investment Advisors, LP
Address

**State the term remaining**

810 Seventh Avenue, Suite 802

**List the contract number of any government contract**

| New York | NY | 10019 |
|---|---|---|
| City | State | ZIP Code |

Country

2.7 **State what the contract or lease is for and the nature of the debtor's interest**

Letter Agreement re: Second Amended and Restated Letter of Direction re: Co-Financing Agreement, Dated September 28, 2005, as Amended ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew")

Vine Film Finance Fund II AIV, L.P.
Name

Attn Adam Paley
Notice Name

c/o Vine Investment Advisors, LP
Address

**State the term remaining**

810 Seventh Avenue, Suite 802

**List the contract number of any government contract**

| New York | NY | 10019 |
|---|---|---|
| City | State | ZIP Code |

Country

2.8 **State what the contract or lease is for and the nature of the debtor's interest**

Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew")

Vine Investment Advisors, LP
Name

Notice Name

810 Seventh Avenue, Suite 802
Address

**State the term remaining**

**List the contract number of any government contract**

| New York | NY | 10019 |
|---|---|---|
| City | State | ZIP Code |

Country

Debtor:  Village Roadshow Holdings USA Inc.                                                      Case number *(if known)*    25-10508
         Name

**2.9** | **State what the contract or lease is for and the nature of the debtor's interest** | Letter Agreement re: Second Amended and Restated Letter of Direction re: Co-Financing Agreement, Dated September 28, 2005, as Amended ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew") | Vine Investment Advisors, LP
Name

|  |  |  | Notice Name
|  | **State the term remaining** |  | 810 Seventh Avenue, Suite 802
Address

|  | **List the contract number of any government contract** |  |
|  |  |  | New York | NY | 10019
|  |  |  | City | State | ZIP Code
|  |  |  | Country

**2.10** | **State what the contract or lease is for and the nature of the debtor's interest** | Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew") | Vine Westcon SPV, LP
Name

|  |  |  | Attn Adam Paley
Notice Name

|  | **State the term remaining** |  | c/o Vine Investment Advisors, LP
Address

|  | **List the contract number of any government contract** |  | 810 Seventh Avenue, Suite 802
|  |  |  | New York | NY | 10019
|  |  |  | City | State | ZIP Code
|  |  |  | Country

**2.11** | **State what the contract or lease is for and the nature of the debtor's interest** | Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew: The Mystery in Hollywood Hills") | Vine Westcon SPV, LP
Name

|  |  |  | Attn Adam Paley
Notice Name

|  | **State the term remaining** |  | c/o Vine Investment Advisors, LP
Address

|  | **List the contract number of any government contract** |  | 810 Seventh Avenue, Suite 802
|  |  |  | New York | NY | 10019
|  |  |  | City | State | ZIP Code
|  |  |  | Country

Debtor:    Village Roadshow Holdings USA Inc.

Name

Case number *(if known):*    25-10508

---

**2.12**  **State what the contract or lease is for and the nature of the debtor's interest**

Letter Agreement re: Second Amended and Restated Letter of Direction re: Co-Financing Agreement, Dated September 28, 2005, as Amended ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew")

Vine Westcon SPV, LP

Name

Attn Adam Paley

Notice Name

c/o Vine Investment Advisors, LP

Address

810 Seventh Avenue, Suite 802

**State the term remaining**

**List the contract number of any government contract**

| City | State | ZIP Code |
|---|---|---|
| New York | NY | 10019 |

Country

---

**2.13**  **State what the contract or lease is for and the nature of the debtor's interest**

Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew")

Warner Bros. Entertainment Inc.

Name

Attn Wayne Smith

Notice Name

4000 Warner Blvd.

Address

**State the term remaining**

**List the contract number of any government contract**

| City | State | ZIP Code |
|---|---|---|
| Burbank | CA | 91522 |

Country

---

**2.14**  **State what the contract or lease is for and the nature of the debtor's interest**

Assignment and Assumption Agreement ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew")

Warner Bros. Pictures, a division of WB Studio Enterprises, Inc.

Name

Attn Natalie V. Rodriguez

Notice Name

4000 Warner Blvd.

Address

**State the term remaining**

**List the contract number of any government contract**

| City | State | ZIP Code |
|---|---|---|
| Burbank | CA | 91522 |

Country

---

Debtor:  Village Roadshow Holdings USA Inc.

Case number *(if known)*:  25-10508

Name

2.15  **State what the contract or lease is for and the nature of the debtor's interest**

Letter Agreement re: Second Amended and Restated Letter of Direction re: Co-Financing Agreement, Dated September 28, 2005, as Amended ("300; The Assassination of Jesse James by the Coward Robert Ford; V for Vendetta; The Good German; Blood Diamond; Poseidon; and Nancy Drew")

Warner Bros. Pictures, a division of WB Studio Enterprises, Inc.

Name

Attn Natalie V. Rodriguez

Notice Name

**State the term remaining**

4000 Warner Blvd.

Address

**List the contract number of**

**any government contract**

| Burbank | CA | 91522 |
|---|---|---|
| City | State | ZIP Code |

Country

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor Name: In re : Village Roadshow Holdings USA Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10508 (TMH)

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors
12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* **Include all guarantors and co-obligors.** In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.1 Crescent Film Holdings Limited | 750 N. San Vicente Blvd <br> _Street_ <br> Suite 800 West <br><br> West Hollywood _City_    CA _State_    90069 _ZIP Code_ <br><br> _Country_ | Wilmington Savings Fund Society, FSB, as trustee | ☑ D <br><br> ☐ E/F <br><br> ☐ G |
| 2.2 Village Roadshow Entertainment Group (BVI) Limited | 750 N. San Vicente Blvd <br> _Street_ <br> Suite 800 West <br><br> West Hollywood _City_    CA _State_    90069 _ZIP Code_ <br><br> _Country_ | Wilmington Savings Fund Society, FSB, as trustee | ☑ D <br><br> ☐ E/F <br><br> ☐ G |

Debtor: Village Roadshow Holdings USA Inc.

Name

Case number *(if known)*    25-10508

| 2.3 | Village Roadshow Entertainment Group Asia Limited | 750 N. San Vicente Blvd | | | Wilmington Savings Fund Society, FSB, as trustee | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | Suite 800 West | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | West Hollywood | CA | 90069 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.4 | Village Roadshow Entertainment Group USA Inc. | 750 N. San Vicente Blvd | | | Wilmington Savings Fund Society, FSB, as trustee | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | Suite 800 West | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | West Hollywood | CA | 90069 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.5 | Village Roadshow Pictures Entertainment Inc. | 750 N. San Vicente Blvd | | | Wilmington Savings Fund Society, FSB, as trustee | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | Suite 800 West | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | West Hollywood | CA | 90069 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.6 | VREG IP Global LLC | 750 N. San Vicente Blvd | | | Wilmington Savings Fund Society, FSB, as trustee | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | Suite 800 West | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | West Hollywood | CA | 90069 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

| 2.7 | VREG J2 Global LLC | 750 N. San Vicente Blvd | | | Wilmington Savings Fund Society, FSB, as trustee | ☑ D |
|---|---|---|---|---|---|---|
| | | Street | | | | |
| | | Suite 800 West | | | | ☐ E/F |
| | | | | | | ☐ G |
| | | West Hollywood | CA | 90069 | | |
| | | City | State | ZIP Code | | |
| | | Country | | | | |

Debtor:  Village Roadshow Holdings USA Inc.
_____
         Name

Case number *(if known)*:  25-10508
_____

| 2.8  VREG MM2 IP Global LLC | 750 N. San Vicente Blvd | | | Wilmington Savings Fund Society, FSB, as trustee | ☑ D |
|---|---|---|---|---|---|
| | Street | | | | ☐ E/F |
| | Suite 800 West | | | | |
| | | | | | ☐ G |
| | West Hollywood | CA | 90069 | | |
| | City | State | ZIP Code | | |
| | Country | | | | |

| 2.9  VREG OP Global LLC. | 750 N. San Vicente Blvd | | | Wilmington Savings Fund Society, FSB, as trustee | ☑ D |
|---|---|---|---|---|---|
| | Street | | | | ☐ E/F |
| | Suite 800 West | | | | |
| | | | | | ☐ G |
| | West Hollywood | CA | 90069 | | |
| | City | State | ZIP Code | | |
| | Country | | | | |

| 2.10  VREG Wonka IP Global LLC | 750 N. San Vicente Blvd | | | Wilmington Savings Fund Society, FSB, as trustee | ☑ D |
|---|---|---|---|---|---|
| | Street | | | | ☐ E/F |
| | Suite 800 West | | | | |
| | | | | | ☐ G |
| | West Hollywood | CA | 90069 | | |
| | City | State | ZIP Code | | |
| | Country | | | | |

| 2.11  VREG WW IP Global LLC | 750 N. San Vicente Blvd | | | Wilmington Savings Fund Society, FSB, as trustee | ☑ D |
|---|---|---|---|---|---|
| | Street | | | | ☐ E/F |
| | Suite 800 West | | | | |
| | | | | | ☐ G |
| | West Hollywood | CA | 90069 | | |
| | City | State | ZIP Code | | |
| | Country | | | | |

**Fill in this information to identify the case:**

Debtor Name: In re : Village Roadshow Holdings USA Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 25-10508 (TMH)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☑ *Schedule H: Codebtors* (Official Form 206H)

- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/22/2025
               _____
               MM / DD / YYYY

✖ */s/ Keith Maib*
_____
Signature of individual signing on behalf of debtor

Keith Maib
_____
Printed name

Chief Restructuring Officer
_____
Position or relationship to debtor